**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Theresa Malone, | ) | No. CV-13-2054-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

This matter arises on the Court's review of the docket. On February 8, 2013, in the United States District Court for the Central District of California, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Social Security Administration Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. (Doc. 3) The case was transferred to the District of Arizona on October 4, 2013. (Doc. 15) On October 16, 2013, the undersigned Magistrate Judge issued an Order vacating the Case Management Report, doc. 6, that was issued by the assigned judge in the other district, and setting a schedule for the filing of the answer and the substantive briefs. (Doc. 20) On October 25, 2013, Defendant filed a Stipulation to Extension of Time to Respond to Plaintiff's Complaint in which she sought a thirty-day extension to submit the answer and administrative record. (Doc. 22) The Court granted the stipulation and

1  ordered Defendant "to file the answer to the Complaint and the administrative record in this
2  matter" on or before November 27, 2013. (Doc. 23) On November 22, 2013, Defendant filed
3  an Answer. (Doc. 24) As of the date of this Order, however, Defendant has not filed the
4  administrative record.

5    42 U.S.C. § 405(g) states in pertinent part:

6,7  As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.

8  "An adequate hearing record is indispensable because a reviewing court may consider only
9  the Secretary's final decision, the evidence in the administrative transcript on which the
10 decision was based, and the pleadings." *Higbee v. Sullivan*, 975 F.2d 558, 562 (9th Cir.
11 1992).

12   Defendant has failed to comply with 42 U.S.C. § 405(g) and is now fourteen days late
13 in filing the administrative record. If Defendant fails to file the administrative record within
14 the next five days, the Court will impose sanctions.

15   Accordingly,

16   **IT IS ORDERED** that on or before **Wednesday, December 11, 2013**, Defendant
17 shall file the administrative record in this case required by 42 U.S.C. § 405(g). Failure to
18 comply with this Order will result in sanctions.

19   DATED this 6th day of December, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge

2